FILED

IN DEC 26  PM 2: 06

U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

===================================
EFRAIM M ZWEIGENHAFT individually and
on behalf of all others similarly situated

## CV 12 -     6352

                    Plaintiff,

         -against-                              WEINSTEIN, J.

SECURITY CREDIT SYSTEMS, INC.

                    Defendant.                  SCANLON, M.J.

===================================

### CLASS ACTION COMPLAINT

#### *Introduction*

1)    Plaintiff Efraim M Zweigenhaft files this Complaint seeking redress for the

illegal practices of Security Credit Systems, Inc., in connection with the collection of a

debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices

Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2)    Plaintiff is a citizen of the State of New York who resides within this

District.

3)    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3)

of the FDCPA.

-1-

4)      The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5)      Upon information and belief, Defendant's principal place of business is located within Buffalo, New York.

6)      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7)      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

8)      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## Allegations Particular to Efraim M Zweigenhaft

10)      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11)      Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12)      Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiff on multiple occasions via telephone and left numerous voice messages in an attempt to collect the alleged obligation.

13)      At the time Plaintiff received the said messages, he did not know the

identity of caller.

14)    At the time Plaintiff received the messages, he did not know that the caller was a debt collector.

15)    At the time Plaintiff received the messages, he did not know that the call concerned the collection of a debt.

16)    Each of the messages is a "communication" as deemed by 15 U.S.C. § 1692a(2).

17)    Each of the messages was left by persons employed by Defendant as non-attorney debt collectors in connection with the collection of a "debt" as deemed by 15 U.S.C. §1692a(5).

18)    Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

19)    The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided in the messages and speak with a debt collector employed by Security Credit Systems, Inc., and then provide that debt collector with personal information.

20)    The Defendant intended that the messages have the effect of causing Plaintiff, and least sophisticated consumers to place return calls to the telephone number provided in the messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the

-3-

messages.

Scores of federal court decisions -- including the 2nd Circuit Court of Appeals and Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

21)   At all times relevant to this action, Security Credit Systems, Inc. was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

22)   At all times relevant to this action, Security Credit Systems, Inc. willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

23)   The Defendant's act of leaving the said messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

24)   The Defendant's act of leaving the said messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

25)   The FDCPA secures a consumer's right to have a debt collector cease

-4-

further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Security Credit Systems, Inc. is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

26)    It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

(a)    Failing to provide meaningful disclosure of Security Credit Systems, Inc.'s identity;

(b)    Failing to disclose that the call is from a debt collector; and

(c)    Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

27)    Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

28)    Upon information and belief, the said messages were either pre-scripted or pre-recorded.

29)    Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

30)    The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

31)     On or about September 20, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

32)     Said letter states in pertinent part as follows: "THERE WILL BE A 2.5% PROCESSING FEE ADDED TO YOUR CHARGED AMOUNT…YOUR SIGNATURE BELOW AUTHORIZES BOTH THE PAYMENT AND FEE."

33)     The notification and collection of the 2.5% processing fee is unlawful.

See e. g. Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language "You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account."

McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.)

34)     Defendant's processing fee demand is in violation of 15 U.S.C. §§ 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

35)     On or about December 5, 2012, Defendant caused a communication to

-6-

be faxed to Keller Williams Realty (Attn. Human Recourses) Plaintiff's employer.

36)    The said letter requested the following from Keller Williams Realty:

"Would you please advise if you are presently employing....Mr Efraim

Zweigenhaft."

37)    Said letter further requested the following information from the Plaintiff's

employer regarding Zweigenhaft:

Home Address: _____

Home Phone #:_____

Pay Rate: _____

38)    Defendant's request for confirmation of Plaintiff's employment details was

illegal in violation of 15 U.S.C. §§ 1692c and 1692c(3).

See *Henderson v. Eaton,* 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug. 23,

2001). (Debt collector's motion to dismiss was denied where its letters to the

consumer's employer requested confirmation of her employment, her wage scale, type

of employment, and the full name of her employer if she had been terminated because

the letters were alleged to be communications indirectly conveying information about a

debt violating the FDCPA.) **Followed by** *Foti v. NCO Fin. Sys.,* 424 F. Supp. 2d 643,

2006 U.S. Dist. LEXIS 13857 (S.D.N.Y. 2006) **Class certification granted by:**

*Henderson v. Eaton,* 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002) See

also *Shand-Pistilli v. Prof'l Account Servs.,* 2010 U.S. Dist. LEXIS 75056, 8, 2010 WL

2978029 (E.D. Pa. July 26, 2010). (The court stated "The FDCPA prohibits debt

collectors from communicating with third parties "in connection with the collection of

any debt" except to acquire "location information." 15 U.S.C. § 1692c(b). The term "location information" is defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." § 1692a(7). Communication "means the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Thus, a debt collector may not seek additional information about the consumer's job including earnings information or salary, or even ask whether an individual is currently employed because such information is beyond the scope of location information".), *Shaver v. Trauner,* 1998 U.S. Dist. LEXIS 19647, 1, 1998 WL 35333712 (C.D. Ill. May 29, 1998). (Plaintiff debtors brought an action against defendant debt collectors under the Fair Debt Collection Practices Act (act), 15 U.S.C. § 1691 et seq. In the action, the second count arose from a letter the collectors sent to the debtor's employer. The collectors filed a motion to dismiss. The court found that the faxed letter to the employer clearly violated § 1692b that prohibited debt collectors from communicating with third parties in connection with the collection.), **Adopted by, and Class certification granted by** *Shaver v. Trauner,* 1998 U.S. Dist. LEXIS 19648, 1 (C.D. Ill. July 31, 1998). (Holding The letters sent to the consumers' employers violated 15 U.S.C.S. § 1692c(b) of the FDCPA as it was a communication to someone other than those enumerated in the statute, and sought information not limited to "location information." Having found that the communications were unlawful under the FDCPA, the court addressed whether the consumers met their burden of proof for class certification under Fed. R. Civ. P. 23. The court concluded that the consumers met the four requirements of Fed.

R. Civ. P. 23(a), namely, numerosity, commonality, typicality, and adequacy of representation and satisfied Fed. R. Civ. P. 23(b)(3), which required that common questions of law or fact predominate. Accordingly, the court granted the consumers' motion for certification.)

39)    15 U.S.C. § 1692b permits the acquisition of location information under specifically prescribed predicates.

15 U.S.C. § 1692b of The Fair Debt Collection Practice Act provides:

§ 1692b. Acquisition of location information Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

(2) not state that such consumer owes any debt;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6) after the  debt collector knows the  consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

40)    The FDCPA, 15 U.S.C. §1692a(7), defines "location information:"

The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

41)    Defendant's said December 5th letter violated the above provisions of the FDCPA by requesting information from Plaintiff's employer that are outside the perimeter of permissible inquiry when a debt collector is seeking location information" under the FDCPA, including but not limited to inquiring as to Mr. Zweigenhaft's "Home address", "Home Phone", and "Pay Rate."

42)    Plaintiff and the class he represents are now suffering and will continue suffer irreparable injury from Defendant's policies, practices, customs and usages as set forth in this Complaint.

-10-

## *CLASS ALLEGATIONS*

43)     This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44)     The identities of all class members are readily ascertainable from the records of Security Credit Systems, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

45)     Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Security Credit Systems, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

46)     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

47)     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

48)     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

49)     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests

-12-

that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

50)      Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief

and any monetary relief under the FDCPA would be merely incidental to that
determination.

51)     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil
Procedure is also appropriate in that the questions of law and fact common to
members of the Plaintiff's Class predominate over any questions affecting an individual
member, and a class action is superior to other available methods for the fair and
efficient adjudication of the controversy.

52)     Depending on the outcome of further investigation and discovery, Plaintiff
may, at the time of class certification motion, seek to certify one or more classes only
as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on
behalf of himself and the members of a class, as against the Defendant.*

53)     Plaintiff re-states, re-alleges, and incorporates herein by reference,
paragraphs one (1) through fifty two (52) as if set forth fully in this cause of action.

54)     This cause of action is brought on behalf of Plaintiff and the members of
three classes.

55)     Class A consists of all persons whom Defendant's records reflect resided
within the State of New York who received telephonic messages from Defendant within
one year prior to the date of the within complaint up to and including the date of the
filing of this Complaint; (a) involving telephone messages which were placed without

setting forth that the communication was from a debt collector; and (b) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

56)     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about September 20, 2012 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f(1) and 1692e(2) for making a false representation that it was entitled to receive compensation for payment by credit card.

57)     Class C consists of all persons whom Defendant's records reflect resided in the State of New York and through whom the Defendant violated 15 U.S.C. § § 1692c and 1692c(3) for exceeding the definition of requesting location information by sending letters of request of employment details to consumers' place of work.

58)     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> (a) Based on the fact that form telephonic messages and collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

> (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual

class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters telephonic messages(*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

59)     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60)     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61)     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

62)     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

63)     The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
December , 2012

**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.

David Palace esq. (DP 3855)

-18-

PO BOX 846
BUFFALO, NY 14240-0846

**RETURN SERVICE REQUESTED**

**SECURITY CREDIT SYSTEMS, INC**
PO BOX 846   BUFFALO, NY 14240-0846

I WISH TO PAY BY CREDIT CARD (CHECK ONE)   ☐ ⬭   ☐ 🌐
THERE WILL BE A 2.5% PROCESSING FEE ADDED TO YOUR CHARGED AMOUNT
YOUR SIGNATURE BELOW AUTHORIZES BOTH THE PAYMENT AND FEE

CARDHOLDER NAME (Please Print) _____

CARD NUMBER _____   AMOUNT _____

SIGNATURE _____   EXP DATE _____

FAIRLEIGH DICKINSON 4011
ACCOUNT BALANCE:   10923.12

REFERENCE NO.: 2773154 / 21       25
*A-01-XA2-AM-02222-8*

EFRAIM M ZWEIGENHAFT
2606 AVENUE L
BROOKLYN NY 11210-4633

SECURITY CREDIT SYSTEMS, INC.
PO BOX 846
BUFFALO NY 14240-0846

DETACH AND RETURN COUPON WITH PAYMENT TO ENSURE PROPER CREDIT

---

03/20/2012

FAIRLEIGH DICKINSON 4011
ACCOUNT BALANCE: 10923.12

REFERENCE NO.:    2773154 / 21

**CONVENIENT ONLINE PAYMENT OPTION!**
**-FAST, SIMPLE AND SECURE-**
**VISIT: www.payscs.com**

ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED
PROCESSING FEES THAT ARE APPPLICABLE BY YOUR STATE LAWS AND REGULATIONS.

Our office has on many occasions tried to collect this long over due account. Our client has hired us
to use all lawful means necessary at our disposal to collect this long overdue account. We would
prefer it if you paid this voluntarily, however we will not hesitate to recommend to our client that under
the circumstances voluntary collection is impossible. Because of your neglect we may be forced to
recommend further collection activity.

MAIL YOUR PAYMENT TO: PO BOX 846
                       BUFFALO, NY 14240-0846

Yours very truly,
SECURITY CREDIT SYSTEMS, INC.                    25

*John Owens*

"THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE".  SECURITY CREDIT SYSTEMS, INC., IS A DEBT COLLECTION AGENCY.

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0903305

SECURITY CREDIT SYSTEMS, INC. • THEATER PLACE • 622 MAIN STREET, SUITE 301 • BUFFALO, NEW YORK 14202 • (716)882-4515



Security Credit S

## FAX COVER LETTER

Date: _12/5/1__

Time: _2:30 PM__

Page: _1 of 2__

From: _Mr. Armani Val___

_(1800) 836·4568__

_ext # 104__

To: _Keller williams Realty__

_@ (212) 838·1956__

_re: Efraim zweigenhAft.__

Comments: _Please complete and return by 12-12-12__

_____ _Armani ga.___

_____

_____

_____

Signed: _Mr. Armani Val_____

This message is intended only for the use of the individual or entity to which it is addressed, and may
contain information that is privileged, confidential and exempt from disclosure under applicable law. If the
reader of this message is not the intended recipient or the employee or agent responsible for delivering the
message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited. If you have received this communication in error, please
notify us immediately by telephone, and return the original message to us at the above address via the U.S.
Postal Service. Thank You.

Please call sender immediately if transmission is illegible or incomplete. Thank you.



**Security Credit Systems, inc.**

Theater Place
822 Main Street, Suite 301
Buffalo, New York 14202
Telephone (716) 882-4515
Fax (716) 884-4312
http://www.securitycreditsystems.com

Date: _12/5/12_   Time: _2:30 PM_

Attention: _Human resource dept._

Dear _Officel,_

Would you please advise if you are presently employing.   Y____ N____

Name: _MR. Efrain zweigenhArt._

Home Address: _____

Home Phone #: _____

Pay Rate: _____

For your convenience, you may indicate your reply on the above spaces of this letter and return in the enclosed addressed envelope.

Any information given will be treated confidentially. Thank you for your courtesy and cooperation.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank You.

Please call sender immediately if transmission is illegible or incomplete. Thank you.